IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Charles Jordan, #295887<br>former #2006114792, aka Charles<br>Everette Jordan, aka Charles E Jordan<br>                Petitioner,<br><br>v.<br><br>Henry D McMaster, Attorney General;<br>and Warden, Broad River Correctional<br>Institution,<br>                Respondents. | Civil Action No.8:09-51-CMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The plaintiff filed this action seeking habeas relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 33.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on January 12, 2009. On July 13, 2009, the Respondent moved for summary judgment. By order filed July 14, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 14, 2009, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion.

## I. PROCEDURAL HISTORY/FACTS

The Petitioner is currently being held in the South Carolina Department of Mental Health ("SCDMH") under a civil commitment order pursuant to the Sexually Violent Predator ("SVP") Act, S.C. Code Ann. § § 44-48-10 through 44-48-170.

In August 2003, the Petitioner was indicted for a lewd act or the attempt to commit a lewd act upon a child under sixteen. (App. 4-5;85-85.) On August 25, 2003, the Petitioner pled guilty to the charge before the Honorable Paul M. Burch. (App. 5.) The State recommended that the Petitioner be sentenced to twelve years, suspended to eight followed by five years probation with special conditions of mental health and sex offender counseling. (App. 7.) Judge Burch sentenced the Petitioner to twelve years suspended upon the service of eight years followed by five years of probation with special conditions of mental health and sex offender counseling. (App. 14.) The Petitioner did not file a direct appeal.

On March 16, 2004, the Petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief: 1) Ineffective Assistance of Counsel; 2) Involuntary Plea; and 3) illegal Sentence. (App. 18.) On November 15, 2004, a hearing was held before the Honorable B. Hicks Harwell. (App. 20-77.) The Petitioner was represented by Henry Thad White, Jr. (App. 29.) On December 3, 2004, Judge Harwell denied the Petitioner's application for PCR. The Petitioner appealed this order.

Acting Deputy Chief Attorney of the South Carolina Office of Appellate Defense Wanda H. Carter represented the Petitioner on his PCR appeal. Carter filed a petition to be relieved as counsel and a *Johnson*[1] petition raising the following issue: "Trial counsel was ineffective in failing to explain fully sentencing consequences in the case." On March 23, 2007, the South Carolina Court of Appeals granted the petition to relieve counsel and denied the Petitioner's petition for a writ of certorari.

On August 25, 2008, a civil jury heard the commitment issue with the Honorable John M. Milling presiding. The Petitioner was represented by John M. Ervin, III. The jury

---

[1]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

found the Petitioner to be a SVP (Tr. 192) and on August 26, 2008, Judge Milling signed a formal order of commitment. (Tr. 201). The Petitioner did not file an appeal from this order.

In this federal habeas petition, the Petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Ineffective Assistance of Trial Counsel
>
> **Supporting Facts:** i) Counsel did not object to State's evidence from the criminal conviction
>
> ii) Counsel did not challenge jury charge as being unconstitutional
>
> iii) Counsel did not challenge the use of nol-prossed indictments
>
> iiii) Counsel did not file direct appeal
>
> iiiii) Counsel's professional standard led to the errors that rendered verdicts for the state
>
> iiiiii) Counsel did not inform the court of insufficient evidence count
>
> iiiiiii) Counsel refused to object to charge found previously insufficient
>
> **Ground Two:** Illegal/Wrongful Detainment - Unlawful Imprisonment
>
> **Supporting Facts:** i) Conviction for an offense to qualify pursuant to SCA § 44-48-10 is invalid
>
> ii) Conviction for plea agreement does not support three prong muster of Kansas v. Crane
>
> iii) Conviction not proven beyond a reasonable doubt to constitute involuntary confinement
>
> iiii) Actual innocence rule was violated by proceedings
>
> iiiii) Conviction can not be based on belief. It must be supported by evidence beyond a reasonable doubt
>
> **Ground Three:** Subject Matter Jurisdiction Violation

> I) The Criminal court erred in allowing plea to an unindicted charge
>
> ii) Criminal court erred in attempting to waive indictment without a valid warrant
>
> iii) Without proper plea there would be no Kansas v. Crane challenge
>
> iiii) In order for court to have jurisdiction on SCA § 44-48-10 there has to be proof beyond a reasonable doubt
>
> iiiii) Court erred in finding Petitioner a predator when they couldn't rule on invalid plea
>
> **Ground Four:** Insufficient Evidence to Support the Verdict
>
> **Supporting Facts:** I) Petitioner never committed the offense
>
> ii) There exists newly discovered evidence that renders verdict invalid
>
> iii) Victim's statement in conflict with charge and disclosed nothing happened
>
> iiii) Plea accepted with no indictment to the charge accused or guilty plea
>
> iiiii) Lesser-included offense rule violated and original charge nol-prossed

(Pet. 6-11.)

## II. APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is

4

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

5

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must

make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).  Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a

8

prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

9

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. **DISCUSSION**

The Respondent contends that the petitioner's habeas is procedurally barred and should be dismissed. The undersigned agrees.

Initially, the undersigned notes that in order to bring a federal habeas action, a petitioner must satisfy the "in custody" requirement. Under § 2254, a federal court "shall entertain an application for a writ of habeas corpus . . . only on the ground that [the applicant] is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490-91(1989).

An involuntary commitment pursuant to an SVP commitment order satisfies the "in custody" requirement for purposes of seeking habeas relief, *see Duncan v. Walker,* 533 U.S. 167, 176 (2001). However, a petitioner who "is no longer serving the sentences imposed pursuant to his [earlier] convictions . . . cannot bring a federal habeas petition directed solely at those convictions." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, (2001). Specifically, here, the Petitioner "must challenge the civil commitment proceedings under which he is presently confined, not the criminal proceedings that gave rise to a conviction that is nothing more than evidence in his civil commitment proceedings." *Holmon v. Watters,* 2009 WL 3269653 * 4 (E.D.Wis. 2009).

The Petitioner is currently in custody pursuant to civil commitment proceedings. He is not in custody pursuant to his prior criminal conviction. However, to the extent that the Petitioner is challenging his former conviction, the undersigned notes that he cannot bring a federal habeas action attacking his prior criminal conviction.[2]

In any event, the undersigned finds that this habeas petition should be dismissed as the Petitioner has failed to exhaust his state remedies. As stated above, prior to seeking federal habeas relief, the Petitioner is required to exhaust his available state remedies. "The United States Court of Appeals for the Fourth Circuit has admonished that, '[u]ntil the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.'" *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir.1976)).

A civilly committed person pursuant to the South Carolina SVP Act may seek appellate review of findings made by the circuit court judge. *White v. State,* 649 S.E.2d 172 (S.C. Ct. App. 2007). The Petitioner did not appeal the August 26, 2008, Order of

---

[2]Any challenge to the Petitioner's prior criminal conviction would also be barred by the statute of limitations.

11

Commitment and the time for doing so has passed. Rule 203 (b)(1), South Carolina Appellate Court Rules (allowing 30 days to appeal from common pleas). Since this claim was not properly pursued by the Petitioner in a direct appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72 (1977).[3]

In an attempt to excuse his default, the Petitioner argues cause based upon his counsel's alleged failure to file an appeal from the SVP civil commitment order after the Petitioner requested that an appeal be filed. (Pet'r's Mem. Opp. Summ. J. Mot. at 1-2, 3.) However, as the Respondent correctly points out, here there is no federal constitutional or statutory right to effective assistance of counsel in a SVP civil commitment case.

The South Carolina Supreme Court has held that "[a]lthough a person committed under the SVP Act has no Sixth or Fourteenth Amendment right to counsel, as does an accused in a criminal proceeding, they do have a statutory right to counsel." *In re McCoy,* 602 S.E.2d 58 (S.C. 2004). However, it is Supreme Court precedent, and not that of the state or circuit courts, that applies pursuant to § 2254. *Bustos v. White,* 521 F.3d 321, 325 (4th Cir. 2008) (stating that "it is Supreme Court precedent, and not Fourth Circuit precedent, to which we look in applying the AEDPA standard of review") (*citing Williams v. Taylor,* 529 U.S. 362, 381-82, 390 n. 15 (2000)). Thus, in the absence of any United States Supreme Court precedent holding that counsel is required in a civil commitment proceeding under either the Sixth or Fourteenth Amendments, it cannot be said that the Petitioner had the right to counsel at his SVP hearing or on appeal.

---

[3]Additionally, the undersigned notes that the Petitioner is not entitled to pursue post-conviction relief for his civil commitment. *See* S.C. Code § 17-27-20 (restricting post-conviction relief to persons "convicted of, or sentenced for, a crime").

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Because by its express terms, the Sixth Amendment right to counsel applies only to criminal proceedings, the Petitioner has no Sixth Amendment right to effective assistance of counsel in a civil commitment proceeding.

As for the Fourteenth Amendment, reviewing United States Supreme Court precedent, the undersigned notes the following relevant decisions. In *Vitek v. Jones*, 445 U.S. 480, 496-97 (1980), Justice Powell in a concurring opinion stated that an inmate subject to involuntary administrative transfer to a mental hospital has a Fourteenth Amendment right to representation by either an attorney or a qualified independent layperson. Later, in *Washington v. Harper*, 494 U.S. 210, 235-36 (1990), the United States Supreme Court held that a prisoner has a protected liberty interest in avoiding the forced administration of anti-psychotic drugs, but due process is satisfied by notice, the right to be present at an adversary hearing, the right to present and cross-examine witnesses, and the provision of an independent lay adviser who understands the psychiatric issues involved. The Court, however, emphasized that due process does not require the provision of an attorney. The Supreme Court has not held that a person facing civil commitment is entitled to effective assistance of counsel, or even assistance of counsel pursuant to the Fourteenth Amendment in a civil commitment proceeding. *See Cooper v. Heyman*, 2007 WL 4287682 (D.N.J.,2007)(unpublished).[4]

---

[4]In fact, the United States Supreme Court has denied several due process protections in civil commitment cases which are otherwise afforded in criminal actions. *See, e.g., Kansas v. Hendricks,* 521 U.S. 346, 369-371(1997) (rejecting claimed violations of Double Jeopardy and ex post facto protections); *Allen v. Illinois,* 478 U.S. 364, 374 (1986) (rejecting claim that civil commitment defendants are afforded Fifth Amendment guarantee against self-incrimination); *Addington v. Texas,* 441 U.S. 418 (rejecting "beyond a reasonable doubt" standard as necessary to preserve due process rights of an individual

This situation is analogous to post-conviction relief ("PCR") proceedings in state court. Ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. *Murray v. Giarratano*, 492 U.S. 1-7, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings, . . . nor does . . . the Constitution require [ ] the States to follow any particular federal model in those proceedings.").

As the Petitioner does not have a constitutional right to counsel in his appeal of his SVP commitment order, he cannot claim constitutionally ineffective assistance of counsel to excuse his failure to exhaust. *Ortiz v. Brady*, 538 F.Supp.2d 361, 366 (D.Mass. 2008)(holding federal habeas petitioner did not have constitutional right to counsel in his discretionary appeal of his SVP commitment and thus could not claim, in federal habeas petition, constitutionally ineffective assistance of counsel to excuse his failure to exhaust). *See also Coleman,* 501 U.S. at 752, 111 S.Ct. 2546 (holding that because defendant did not have constitutional right to counsel in PCR proceeding, cause for procedural default could not be demonstrated by showing ineffective assistance of counsel); *Mackall v. Angelone,* 131 F.3d 442, 448 (4th Cir. 1997) ("in order to constitute cause, attorney error must amount to constitutionally ineffective assistance of counsel and that this standard could not be satisfied in the absence of a constitutional right to counsel").

---

facing civil commitment).

14

Further, the "fundamental miscarriage of justice" exception is available upon a showing, based on new evidence, that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). The natural extension to a civil commitment proceeding would be that the exception is available upon a showing, based on new evidence, that a constitutional violation has probably resulted in the Petitioner being classified as a SVP. The Petitioner has not set forth any new evidence. Based on the foregoing, the undersigned concludes that the Petitioner's claims are procedurally barred and should be dismissed.

## IV. CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (# 33) be GRANTED and the Habeas Petition be DISMISSED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

December 10, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**