IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Jordan, | ) | C/A NO. 8:09-51-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Henry McMaster, S.C. Attorney General, | ) | |
| and Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on a *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On December 10, 2009, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted, and the petition dismissed with prejudice. Petitioner filed objections to the Report on December 30, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge that the petition should be dismissed with prejudice, but for slightly different reasons than those included in the Report.

As an initial matter, this matter should have been considered as a § 2241 petition. Petitioner filed his application for relief on a form used for those prisoners challenging the fact or duration of their confinement; that is, a petition for writ of habeas corpus under 28 U.S.C. § 2254. This federal statute provides that "a district court shall entertain an application for a writ of habeas corpus in behalf *of a person in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) However, Petitioner is not a "person in custody" as required by § 2254 because his confinement is not the result of a state criminal conviction and sentence. Rather, he has been civilly committed to the custody and control of the South Carolina Department of Mental Health for care and treatment under the South Carolina Violent Predator Act ("SVPA"), S.C. Code §§ 44-48-10, *et seq.*), a wholly different circumstance.

Where the impediment which significantly restrains Petitioner's liberty is not the result of a state criminal conviction and sentence, such as in the circumstance of the pre-trial detainee and/or involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241. *See, e.g., United States v. Tootle*, 65 F.3d 381, 383 (4th Cir.1995) (pretrial detainee area); *Miller v. Blalock*, 356 F.2d 273 (4th Cir.1966) (involuntary commitment for mental treatment). *See also Gaster v. South Carolina Dept. of Corrections*, 67 Fed.Appx. 821 at *1 n.* (4th Cir. 2003) (noting that "Although Gaster originally filed the petition under 28 U.S.C. §

2254, because he challenged the constitutionality of a state civil commitment, [it was] properly characterized it as a petition under 28 U.S.C. § 2241.").

"[A] state [confinee's] label for his claim cannot be controlling . . . ." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). Therefore, this matter should have been construed as a petition for relief under § 2241. The Magistrate Judge's inclusion in the Report of a discussion of the "Habeas Standard of Review" relating to § 2254 petitions, and the avenues for exhaustion of a criminal conviction in state court, including the bringing of a petition under the Post-Conviction Relief Act, beginning on page five of the Report, does not apply to this matter.

However, a person seeking federal habeas corpus relief under § 2241 must still exhaust any state court remedies which might be available to him before bringing his petition in this court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition.") *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers.

The SVPA provides that if the civilly committed individual does not prevail at the civil trial level, the state of South Carolina provides appellate judicial review of findings made by the civil trial judge under the Act. *See Care & Treatment of Beaver*, 642 S.E.2d 578 (S.C. 2007); *White v. State*, 375 S.C. 1, 649 S.E.2d 172 (S.C. Ct. App. 2007). Petitioner did not exhaust state remedies available to him to test the legality of his civil confinement before submitting his habeas petition to this court.

3

Therefore, unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or "demonstrate that failure to consider [his] claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), this petition is subject to dismissal with prejudice.

Petitioner attempts to argue that he can establish cause for his failure to exhaust his state court remedies because his attorney did not file an appeal of his civil commitment *See* Objections at 4 (Dkt. # 42, filed Dec. 30, 2009) ("This should be the showing that the cause for his failure to raise the claim in state courts was due to his attorney's failure to file an appeal . . . ."). However, Petitioner has no Sixth or Fourteenth Amendment right to counsel in the context of his civil commitment proceedings under the SVP Act. *In the Matter of the Care & Treatment of McCoy*, 602 S.E.2d 58, 427 (S.C. 2004). Therefore, "any attorney error that led to the default of [Petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman*, *supra*, 501 U.S. at 757. In *Coleman*, the Court went on to conclude that attorney ignorance or inadvertence constitutes cause only in proceedings in which the petitioner has a Sixth Amendment right to counsel. *Id*. at 753-54. "In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's right to counsel." *Id*. at 754.

Therefore, as Petitioner cannot establish cause and prejudice for his failure to exhaust his state court remedies, consideration of the merits of this petition is foreclosed.

Therefore, Respondent's motion for summary judgment is **granted** and this petition, construed a petition for relief under § 2241, is dismissed with prejudice.

4

**IT IS SO ORDERED.**

                                                    s/ Cameron McGowan Currie
                                                    CAMERON McGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 29, 2010

C:\Documents and Settings\nac60\Desktop\09-51 Order.wpd